ALICE G. KING v. FRANK BAILEY.
#### No. 297.

APPEAL FROM JUSTICE'S COURT—*surety on appeal bond not discharged by default judgment in district court which is afterwards vacated.* The defendant in a case in a justice's court appealed from the judgment of the justice to the district court. In the district court the case was dismissed because of the plaintiff's failure to appear on the day set for trial. This order of dismissal was subsequently set aside and the case tried, resulting in a judgment for the plaintiff. *Held,* that the judgment of dismissal did not discharge the surety upon the appeal bond.

Error from Shawnee District Court. Hon. Z. T. Hazen, Judge. Opinion filed December 18, 1897. *Affirmed.*

*Vance & Campbell*, for plaintiff in error.
*Dobbs & Stoker*, for defendant in error.

MAHAN, P. J. It is contended in this case that the effect of a judgment of default against the plaintiff, although subsequently set aside and a new trial awarded which resulted in a verdict for the plaintiff, had the effect of discharging the surety upon the appeal bond.

It is argued that the condition of the appeal bond is, that the appellant, defendant in the justice's court, shall prosecute his appeal to effect without un-

necessary delay ; and that when he does prosecute the case to a judgment such as above stated, the condition of the bond is complied with, and the granting of a new trial will not reinstate the obligation of the surety.

Counsel overlook the further condition of the bond, which is, that the defendant will satisfy such judgment and costs as may be rendered against him in the case. Notwithstanding the default of the plaintiff in the District Court in the first instance, he subsequently recovered a judgment in that case against the appellant, which was not satisfied or paid by the appellant, but, on the contrary, execution was returned thereon unsatisfied. So that, whatever effect the first judgment by default may have had on the first condition of the bond, it did not operate to discharge the surety from his obligation to see that the appellant paid the judgment in the case when it was rendered against him. If the contention prevailed, a judgment being reversed by a higher court and a new trial awarded, would likewise operate to discharge the sureties upon appeal. This will scarcely be contended for.

The judgment of the District Court was correct and must be affirmed.